UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM MOORE,** : | **CIVIL ACTION NO. 3:19-1977** |
| **Plaintiff** : | |
| v. : | **(JUDGE MANNION)** |
| **KEVIN BISHOP**, *et al.*, : | |
| **Defendants** : | |

**MEMORANDUM**

**I.   Background**

Plaintiff, an inmate formerly confined in the Wayne County Prison, Honesdale, Pennsylvania,[1] filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He names as Defendants, Warden Kevin Bishop and the Wayne County Prison. Id. Plaintiff complains that he was denied his right to practice his Muslim religion because the jail did not have an Imam on staff. Id.

By Order dated June 8, 2020, the motion to dismiss the Wayne County Prison was granted as unopposed and the Wayne County Prison was dismissed from the action. (Doc. 15). A copy of this Court's June 8, 2020 Order, mailed to Plaintiff, was returned with the markings "return to sender,

---

[1] Plaintiff's last known address of record is listed as 426 S. Springfield Road Clifton Heights, PA 19018. (Doc. 14).

insufficient address, unable to forward." (See Doc. 17). The Court attempted to resend the Order, which was again returned to sender. (See Doc. 18). There has been no communication with the Court since Plaintiff's April 1, 2020 Notice of change of address. (See Doc. 14).

## II. DISCUSSION

Pursuant to Local Rule 83.18, a plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18, and the Court is unable to communicate with Plaintiff at his address of record. When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Plaintiff has not communicated with the Court since the Court's attempts to communicate with Plaintiff were returned as

undeliverable. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis v. State Farm, 747 F.2d 863, 868-69 (3d Cir. 1984).

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss this action for failure to prosecute.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 7, 2020**
**19-1977-01**